UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Andrew Bizer, Esq., *pro hac vice* pending
Bizer Law Firm, LLC
3319 St. Claude Ave.
New Orleans, LA  70117
504 619 9999
504 948 9996 (fax)
Andrew@bizerlaw.com

Elizabeth T. Foster (NJ # 009152006)
**DeSantiago & Foster**
A Partnership Including Professional Corporations
Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ  07628
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com

Attorneys for Plaintiff

---------------------------------------------------x
ANDREW HUZAR,                          :
an individual,                         :         CASE NO.:
                                       :
         Plaintiff,                    :
                                       :
vs.                                    :
                                       :
                                       :
                                       :
NAMELLE PROPERTY, LLC;                 :
And OQ Tavern, Inc.                    :
                                       :
         Defendants.                   :
---------------------------------------------------x

## **COMPLAINT**

Plaintiff, ANDREW HUZAR, (hereinafter referred to as "MR. HUZAR") by and through

his undersigned counsel, hereby files this Complaint and sues NAMELLE PROPERTY, LLC,

1

and OQ Tavern, Inc. (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court is vested with supplemental jurisdiction over MR. HUZAR's state law claim pursuant to 28 U.S.C. § 1367 as this claim arises out of the same case or controversy as MR. HUZAR's federal claims.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, ANDREW HUZAR, (hereinafter referred to as "MR. HUZAR"), is a resident of Middlesex County, New Jersey. MR. HUZAR resides at 285 George Street, Apartment 106, New Brunswick, NJ.

4. MR. HUZAR is a qualified individual with a disability under the ADA. MR. HUZAR is afflicted with spina bifida.

5. Due to his disability, MR. HUZAR is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. HUZAR is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, DEFENDANT NAMELLE PROPERTY, LLC, is a limited liability company organized in the State of New Jersey and doing business in Middlesex

County, New Jersey.

7. Upon information and belief, DEFENDANT'S principal business address is 108 Easton Avenue, New Brunswick, New Jersey 08901.

8. Upon information and belief, DEFENDANT NAMELLE PROPERTY, LLC is the owner, and lessor of the real properties and improvements which are the subject of this action, to wit: Olde Queens Tavern located at 108 Easton Avenue, New Brunswick, New Jersey, 08901. (hereinafter referred to as "the Property").

9. Upon information and belief, DEFENDANT OQ Tavern, Inc., is a for-profit corporation incorporated in the State of New Jersey and doing business in Middlesex County, New Jersey.

10. Upon information and belief, DEFENDANT OQ Tavern, Inc.'s principal business address is 108 Easton Avenue, New Brunswick, New Jersey 08901.

11. Upon information and belief, DEFENDANT OQ Tavern, Inc. is the operator and lessee of the real properties and improvements which are the subject of this action.

12. Upon information and belief, DEFENDANTS operate the Property under Title III of the ADA.

13. DEFENDANTS are obligated to comply with the ADA.

14. All events giving rise to this lawsuit occurred in the New Jersey Division, Middlesex County, New Jersey.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

15. MR. HUZAR realleges and reavers Paragraphs 1 - 14 as if they were expressly restated herein.

16. The Property is a place of public accommodation, subject to the ADA, generally located at: 108 Easton Avenue, New Brunswick, New Jersey, 08901.

17. Upon information and belief, MR. HUZAR has attempted to visite the Property numerous times and desires to visit the Property again in the near future.

18. MR. HUZAR'S most recent visit to the Property prior to filing this original Complaint was in November of 2015.

19. During his visits, MR. HUZAR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 23.

20. MR. HUZAR continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 23.

21. MR. HUZAR lives within a close geographic proximity of the Property. MR. HUZAR lives less than one mile from the Property.

22. MR. HUZAR intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

23. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

   I.   UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

A.	There are steps at the entrance to the Property which makes entry for a person in a wheelchair impossible without a ramp or alternative entrance.

B.	Defendants have failed to provide a ramp or designate an alternative entrance.

24.	Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25.	Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

26.	Upon information and belief, removal of the barriers to access located on the Property would provide MR. HUZAR with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

27.	Independent of his intent to return as a patron to the Property, MR. HUZAR additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

28.	MR. HUZAR continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 23 are removed.

29.	MR. HUZAR intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANT will continue to discriminate against him by failing to bring its Property into an accessible condition.

30. MR. HUZAR has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. HUZAR is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

31. MR. HUZAR realleges and reavers Paragraphs 1 - 30 as if they were expressly restated herein.

29. DEFENDANTS' facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination). New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.).

30. As a result of the aforementioned discrimination, MR. HUZAR has sustained emotional distress, mental anguish and suffering, and invasion of his civil rights, in violation of the New Jersey Law Against Discrimination.

WHEREFORE, MR. HUZAR demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the

full extent required by Title III of the ADA;

C. That this Court enter an Order awarding MR. HUZAR damages, as provided for under N.J.S.A. 10:5-5;

D. That this Court enter an Order directing DEFENDANTS to provide accessible policies and procedures related to disabled patrons and customers;

E. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. HUZAR; and

F. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

/s/ Elizabeth T. Foster
Elizabeth T. Foster (NJ # 009152006)
DeSantiago & Foster
A Partnership Including Professional Corporations
Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ  07628
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com

Andrew Bizer, Esq., *pro hac vice* pending
Bizer Law Firm, LLC
3319 St. Claude Ave.
New Orleans, LA  70117
504 619 9999
504 948 9996 (fax)
Andrew@bizerlaw.com